PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRADLEY, | ) | |
| | ) | CASE NO. 4:12CV00890 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JACK M. RENO, JR., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 14] |

Pending before the Court is the motion for summary judgment filed by Defendants Jack M. Reno, Jr., Timothy S. Dobbins, and Timothy J. Timberlake. ECF No. 14. The Court has reviewed the memorandum of law, the responsive briefs, the attached exhibits, and the governing law. For the reasons provided below, the Court grants Defendants' motion for summary judgment.

**I. Facts**

The complaint filed by Plaintiff Michael Bradley alleges the following. *See* ECF No. 1. On April 24, 2011, at 10:25 p.m., Plaintiff was sleeping in the sleeper compartment of his tractor-trailer on the shoulder of Interstate 80 in Mahoning County, Ohio, when Reno, a state trooper, knocked on the door and ordered Plaintiff to exit the vehicle. Trooper Reno ordered Plaintiff to submit to a series of sobriety tests. Afterward, Trooper Reno, along with Dobbins and Timberlake, who are also Ohio state troopers, placed Plaintiff under arrest and transported him to the Mahoning County Jail. Defendants caused a criminal complaint to be filed in the Mahoning County Court of Common Pleas charging Plaintiff with operating a commercial vehicle while under the influence of alcohol, among other offenses. Later, Plaintiff was acquitted of all charges after a jury trial.

The basis for this lawsuit is Plaintiff's allegation that Defendants arrested him and

commenced a criminal prosecution without probable cause. ECF No. 1 at 5. Plaintiff claims that Defendants deprived him of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, and, consequently, he has a cause of action under 42 U.S.C. § 1983[1] against Defendants in their individual capacities.[2]

Defendants filed an answer denying the material allegations of the complaint. ECF No. 3. Thereafter, Defendants filed a motion for summary judgment on the ground that Plaintiff cannot assert the constitutional violation alleged because the claim that he was arrested and prosecuted without probable cause is barred by the doctrine of collateral estoppel.[3] ECF No. 14. In support of their motion, Defendants filed a memorandum of law and various exhibits. ECF No. 14. Plaintiff filed a "response" opposing the motion for summary judgment. ECF No. 21. Defendants then filed a reply. ECF No. 24. The motion is ripe for the Court's adjudication.

## II. Legal Standard

"Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute

---

[1] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] The Court has dismissed Plaintiff's State law claims and his "official capacity" claims. ECF No. 5. What remains is Plaintiff's § 1983 claim against Defendants in their individual capacities.

[3] The Court approved the parties' plan for Defendants to file an initial motion for summary judgment asserting only the doctrine of *collateral estoppel* in advance of a second motion for summary judgment addressing the merits of Plaintiff's claim and the defense of qualified immunity. ECF Nos. 11 and 12; *see* ECF No. 38. Only the first motion is before the Court. As of the date of this decision, the second motion or motions have not been filed.

as to any material fact and the movant is entitled to judgment as a matter of law.'" *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (*quoting* Fed. R. Civ. P. 56(a)). "'A genuine issue of material fact exists when there is sufficient evidence for a trier of fact to find for the nonmoving party.'" *U.S. ex rel. Wall v. Circle C Construction, LLC*, 697 F.3d 345, 351 (6th Cir. 2012) (*quoting Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006)). A court deciding a motion for summary judgment "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Kuhn v. Washtenaw County*, 709 F.3d 612, 620 (6th Cir. 2013). "Where the moving party carries its initial burden, the nonmoving party 'may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.'" *Ellington v. City of East Cleveland,* 689 F.3d 549, 552 (6th Cir. 2012) (*quoting Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)); *see Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) ("a mere 'scintilla' of evidence in support of the nonmoving party's position is insufficient to defeat summary judgment").

### III. Discussion

Defendants argue that they are entitled to summary judgment because the survival of Plaintiff's constitutional claim depends entirely on whether Defendants had probable cause to arrest him. ECF No. 14 at 2. Defendants assert that the State trial court, in a suppression proceeding prior to Plaintiff's criminal trial, already determined that there was probable cause for the arrest. ECF No. 14 at 2. Because Plaintiff is precluded by the doctrine of collateral estoppel from re-litigating this issue in federal court, argue Defendants, this lawsuit must be dismissed. ECF No. 14 at 12.

Plaintiff responds that a court ruling with respect to a motion to suppress in a criminal case does not constitute a "final order" in Ohio, and, therefore, the application of collateral estoppel is

3

not warranted. ECF No. 21 at 2-3. Alternatively, if collateral estoppel does apply, Plaintiff argues that the Court should permit an exception because he did not have an adequate opportunity to obtain a fair adjudication of the probable cause issue in State court. ECF No. 21 at 3. Plaintiff also contends that the State court's probable cause finding was "flawed." ECF No. 21 at 4-5.

The Court notes that Plaintiff argues the merits of the State court's probable cause finding. Although that issue is not directly relevant to the present motion, the Court is motivated to address the matter because a review of the contested finding exposes the dubious merits of this lawsuit.

A summary of the suppression proceeding is warranted. Plaintiff filed a motion to suppress certain evidence in his criminal case for lack of probable cause. ECF No. 14-1; 14-2 at 55. The State court granted the motion, in part, and dismissed some of the charges against Plaintiff. ECF No. 14-3; *see* ECF No. 14-2 at 56. The court ruled, however, that "probable cause developed for the arrest of" Plaintiff for the charge of O.R.C. § 4506.15(A)(2),[4] which makes it a violation to operate a commercial vehicle while under the influence of alcohol.[5] ECF Nos. 14-3; *see* ECF No.14-2 at 9. During the hearing, the trial court heard Trooper Reno testify in regard to the following facts.

On the night in question, Trooper Reno came upon Plaintiff's tractor-trailer while it was parked on the shoulder of an on-ramp of Interstate 80. ECF No. 14-2 at 15. The vehicle was parked

---

[4] Section 4506.15(A)(2) of the Ohio Revised Code provides in relevant part that "[n]o person who holds a commercial driver's license or operates a motor vehicle for which a commercial driver's license is required shall . . . [d]rive a commercial motor vehicle while having an alcohol concentration of four-hundredths of one per cent or more by whole blood or breath . . . ."

[5] The trial court also concluded that there existed probable cause that Plaintiff violated O.R.C. § 4511.12(A), which provides in relevant part that "[n]o pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter . . . ." ECF No. 14-3.

less than a foot from the solid white line. ECF No. 14-2 at 16. The engine was running, and no safety triangles had been placed behind the vehicle. ECF No. 14-2 at 18-19. Trooper Reno approached the vehicle to conduct a routine welfare check on the driver. ECF No. 14-2 at 18-19. Seeing nobody inside the cab, Trooper Reno knocked on the door. ECF No. 14-2 at 20. After a few knocks, Trooper Reno observed Plaintiff emerge from a sleeper berth within the cab and sit down on the driver's seat. ECF No. 14-2 at 21. While speaking with Plaintiff, Trooper Reno detected an odor of alcohol, and observed that Plaintiff's had slurred speech and red, glassy eyes. ECF No. 14-2 at 23. During the officer's questioning, Plaintiff informed Trooper Reno that he had consumed "a couple small pitchers" and "a couple of twelve-ounce bottles of beer" "one to two hours" earlier at a Truck World stop, which was approximately fifteen miles away. ECF No. 14-2 at 24, 45-46. Trooper Reno recorded the foregoing information in his incident report. ECF No. 14-2 at 40-43, 45, 48. Plaintiff told Trooper Reno that he had been sleeping in his vehicle, even though there was a rest stop two hundred feet from where he was parked. ECF No. 14-2 at 25. Later, Trooper Reno determined that Plaintiff was the sole occupant of the tractor-trailer. ECF No. 14-2 at 48-49.

Trooper Reno then requested that Plaintiff perform a series of field sobriety tests. ECF No. 14-2 at 27. After Plaintiff exhibited numerous clues of intoxication, Trooper Reno placed him under arrest. ECF No. 14-2 at 28-30. At the office of the Canfield Highway Patrol, tests of Plaintiff's blood alcohol level revealed that he had a blood alcohol content of .111%, nearly three times the statutory limit of .04% as codified by O.R.C. § 4506.15(A)(2). ECF No. 14-2 at 31.

Although Plaintiff was acquitted after a jury trial, the foregoing testimony demonstrates that Trooper Reno had probable cause to arrest Plaintiff for violating O.R.C. § 4506.15(A)(2). "The validity of the arrest does not depend on whether the suspect actually committed the crime; the mere

5

fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979). Rather, "[a] police officer has probable cause if there is a 'fair probability' that the individual to be arrested has either committed or intends to commit a crime." *Fridley v. Horrighs*, 291 F.3d 867, 871 (6th Cir. 2002) (quotations omitted), *cert. denied*, 537 U.S. 1191, 123 S. Ct. 1262, 154 L. Ed. 2d 1024 (2003). The "facts and circumstances within the officer's knowledge" must be viewed through the lens of a reasonably prudent person; *Stricker v. Township of Cambridge*, 710 F.3d 350, 363 (6th Cir. 2013); and the issue of probable cause in a § 1983 claim need not go to the jury if "only one reasonable determination is possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). None of Trooper Reno's testimony during the suppression hearing was seriously contested by Plaintiff during the criminal trial, and it is not contested here. ECF No. 24-2 at 56-70. Based on the facts, the only reasonable determination that can be made is that Plaintiff's arrest was proper.

Incredibly, Plaintiff argues that the State court's probable cause determination was "flawed" because "[t]he only reason that [Plaintiff] was momentarily in the driver's position of his commercial vehicle was because Trooper Reno ordered him to exit that vehicle." ECF No. 21 at 4. Plaintiff claims that had Trooper Reno not done so, he would have never "driven" the vehicle within the meaning of O.R.C. § 4506.15(A)(2). The Court is unimpressed by Plaintiff's claim that Trooper Reno baited him into violating the law. Plaintiff conveniently ignores the colloquy between he and Trooper Reno in which he *told* the officer that he had consumed a significant amount of alcohol "one to two" hours earlier at a truck stop fifteen miles away. That admission, in conjunction with the common sense inference that Plaintiff then *drove* the tractor-trailer from the truck stop to the location where he was arrested, and Trooper Reno's observation of Plaintiff's obvious intoxication, easily

6

establishes a "fair probability" that Plaintiff was intoxicated while driving the vehicle.

Therefore, this lawsuit will be dismissed after Defendants file their second motion for summary judgment, as they promised they will, *see* ECF No. 38 at 2, challenging the merits of Plaintiff's case and asserting the defense of qualified immunity. Yet, the Court is not constrained to wait for that motion because Plaintiff's claim is also barred by the doctrine of collateral estoppel.

The Sixth Circuit "appl[ies] the state law of collateral estoppel when deciding whether the state court's determination of probable cause at the preliminary hearing has preclusive effect in [a] § 1983 action." *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001). Under Ohio law, collateral estoppel, otherwise known as issue preclusion, "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994). "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.* The Ohio Supreme Court has additionally stated that the fact or issue must have been "determined by a valid and final judgment . . . ." *State v. Williams*, 76 Ohio St.3d 290, 294, 667 N.E.2d 932 (1996).

Except for the "final judgment" prong, Plaintiff does not contest that the other collateral estoppel factors are satisfied in the present case. ECF No. 21 at 2-3. First, there is no question that the issue of probable cause was actually and directly litigated during the suppression proceeding. *See State v. Willaims*, 76 Ohio St.3d at 294 (concluding that issue of whether police had reasonable grounds to stop appellant was actually litigated during pre-trial proceeding where that proceeding allowed litigants to call witnesses, examine and cross-examine witnesses, present evidence, and

request continuances). Plaintiff cross-examined Trooper Reno, made arguments regarding his testimony, and had the opportunity to present any evidence he wanted at the hearing. ECF No. 14-2. Plaintiff also filed a written motion preserving his arguments as to probable cause. ECF No. 14-1. Second, the State court had jurisdiction to preside over the suppression proceeding. The alleged offenses occurred in Austintown, Ohio; ECF No. 14-4; and the proceeding occurred at the Mahoning County Court, Number Four, in Austintown. ECF Nos. 14-1 and 14-2. Finally, privity exists because Plaintiff is the same party in interest in the present action as in the State criminal action, and, in both cases, Plaintiff asserted the same right to be free from arrest without probable cause. *See Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000) (parties are in privity when there is "mutuality of interest, including an identity of desired result").

Plaintiff cites two Ohio cases which stand for the proposition that a trial court's overruling of a motion to suppress does not constitute a final order subject to immediate review. *See State v. Ricciardi*, 135 Ohio App.3d 155, 160, 733 N.E.2d 291 (1999); *State v. Wisby*, Nos. C020758 and C020759, 2003 WL 22459122 at *4 (October 31, 2003 Ohio App. 1 Dist.). These decisions do not defeat the application of collateral estoppel in this case, however. In *Prokos v. City of Athens*, 118 Fed. Appx. 921, 926-27 (6th Cir. 2004), the Sixth Circuit held that when probable cause is the underlying issue, a prior State court determination need not be a final judgment in order for collateral estoppel to apply. Importantly, *Prokos* also involved an Ohio court's probable cause determination in a suppression proceeding. *Id.* In that case, the plaintiff brought a § 1983 action alleging that the defendant police officer lacked probable cause to arrest him and obtain a search warrant for his business. *Id.* at 924, 926-27. Prior to the plaintiff's criminal trial in State court, wherein all of the charges resulted in a dismissal or acquittal; *id.* at 924; the trial court denied the plaintiff's motion

8

to suppress on the ground that there existed probable cause to justify the issuance of the search warrant. *Id.* at 926-27. After the plaintiff tried to re-litigate that issue in his § 1983 action, the Sixth Circuit upheld the district court's ruling that collateral estoppel foreclosed the plaintiff's lack-of-probable-clause claim. *Id.* at 927. The panel initially acknowledged that Ohio law generally requires "a final judgment on the merits in the previous case" before collateral estoppel may apply. *Id.* at 926. It reasoned, however, that "not having the opportunity to appeal a probable cause determination is not indicative of not having a full and fair opportunity to litigate the issue." *Id.* at 927. The panel then summarized the "narrow" circumstances in which the Sixth Circuit will permit a probable cause finding to be re-litigated in federal court:

> When a plaintiff has sought to revisit the probable cause issue in a subsequent civil suit in federal court, this circuit has found merit to the claim only where the plaintiff was unable to place on the state court record allegations about false statements or misrepresentations by law enforcement officials, or some basis to demonstrate sufficient evidence to require an evidentiary hearing on the issue of probable cause.

*Id.* (collecting cases). Here, Plaintiff was afforded an evidentiary hearing on the issue of probable cause, and, during his cross-examination of Trooper Reno, Plaintiff had the opportunity to allege that the officer made false statements or misrepresentations. Under *Prokos*, therefore, Plaintiff's action is barred by collateral estoppel.

Plaintiff argues, in the alternative, that should the rule of collateral estoppel apply, an exception should be allowed because he did not have an adequate opportunity to obtain a fair adjudication in State court. ECF No. 21 at 3; *see State v. Williams*, 76 Ohio St.3d at 295 (recognizing exception to rule where "[t]here is a clear and convincing need for a new determination of the issue . . . because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and

9

fair adjudication in the initial action." [quotations omitted]).  Plaintiff does not explain how he lacked an opportunity to obtain a fair ruling.  Nor does he allege any untoward conduct on the part of the State or extraordinary circumstances that would justify an exception to the rule.  To the contrary, Plaintiff was granted an evidentiary hearing as a result of his motion to suppress.  At the hearing, he had opportunities to present evidence, challenge the State's evidence, cross-examine witnesses, and make arguments.  The Court discerns no basis for allowing an exception here.

### IV. Conclusion

Based on the foregoing discussion, the Court grants Defendants' motion for summary judgment docketed at ECF No. 14.  This action is hereby dismissed.

IT IS SO ORDERED.

| | |
|---|---|
| July 25, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |